UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSE ROBERTO COLATO, | ) |
| Petitioner, | ) 3:10-cv-00470-RCJ-VPC |
| vs. | ) **ORDER** |
| Le GRAND, *et al.*, | ) |
| Respondents. | ) |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.

Petitioner has filed a motion to proceed *in forma pauperis*. (Docket #1). Based on the information regarding petitioner's financial status, the Court finds that the motion to proceed *in forma pauperis* should be granted.

The Court has reviewed the petition. The Court notes that petitioner previously filed a habeas petition in this Court that was dismissed for failure to exhaust state court remedies. (Case No. 3:09-cv-00068-LRH-VPC). The previous petition was dismissed, without prejudice to petitioner's right to file a new habeas corpus action after he exhausted state court remedies. (Docket #17, in Case No. 3:09-cv-00068-LRH-VPC). A petitioner need not seek authorization from a court of

appeals in filing a second petition, when the first petition was dismissed without prejudice for failure to exhaust state remedies. *See Slack v. McDaniel*, 529 U.S. 473, 488 (2000).

The petition shall be filed and served on respondents. A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions).

In addition, petitioner has filed a motion for the appointment of counsel. (Docket #1-2). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). In the instant case, the petition on file in this action is well-written and sufficiently clear in presenting the issues that petitioner wishes to bring. The issues in this case are not complex. It does not appear that counsel is justified in this instance. The motion for appointment of counsel is denied.

**IT IS THEREFORE ORDERED** that the application to proceed *in forma pauperis* (Docket #1) is **GRANTED**. The Clerk **SHALL FILE** the petition for a writ of habeas corpus.

**IT IS THEREFORE ORDERED** that petitioner's motion for the appointment of counsel (Docket #1-2) is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk shall **ELECTRONICALLY SERVE** the petition upon the respondents.

2

**IT IS FURTHER ORDERED** that respondents shall have **forty-five (45)** days from entry of this order within which to answer, or otherwise respond to, the petition. In their answer or other response, respondents shall address all claims presented in the petition. Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default. **Successive motions to dismiss will not be entertained.** If an answer is filed, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254. If an answer is filed, petitioner shall have **forty-five (45) days** from the date of service of the answer to file a reply.

**IT IS FURTHER ORDERED** that, henceforth, petitioner shall serve upon the Attorney General of the State of Nevada a copy of every pleading, motion, or other document he submits for consideration by the Court. Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Attorney General. The Court may disregard any paper that does not include a certificate of service. After respondents appear in this action, petitioner shall make such service upon the particular Deputy Attorney General assigned to the case.

DATED this 30th day of November, 2010.

_____
UNITED STATES DISTRICT JUDGE

3