UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOSE ROBERTO COLATO, | ) | |
| Petitioner, | ) | 3:10-cv-00470-RCJ-VPC |
| vs. | ) | **ORDER** |
| Le GRAND, *et al.*, | ) | |
| Respondents. | ) | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court is respondents' motion to dismiss the original petition (ECF No. 6), respondents' motion to file petitioner's presentence report *in camera* and under seal (ECF No. 13), and respondents' motion to strike the first amended petition (ECF No. 20).

**I. Motion to File Document Under Seal**

On January 13, 2011, respondents filed an answer to the petition, as well as exhibits. (ECF Nos. 6-12). Concurrent with the filing of the answer, respondents brought a motion for leave file a document under seal. (ECF No. 13). Respondents seek to file under seal petitioner's presentence report containing confidential information regarding petitioner, and filed the report under seal for *in camera* review. (ECF No. 12).

1    There is a strong presumption in favor of public access to judicial filings and documents. *See Nixon v. Warner Communication, Inc.*, 435 U.S. 589, 597 (1978); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). The court has inherent power over its own records and files, and access may be denied where the court determines that the documents may be used for improper purposes." *Nixon v. Warner Comm., Inc.*, 435 U.S. at 598; *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

The Ninth Circuit distinguishes between dispositive and nondispositive pleadings and motions in terms of the showing required to seal a document. For a document filed with a dispositive motion, "compelling reasons" must be shown to justify sealing the document. *Kamakana v. City and County of Honolulu*, 447 F.3d at 1179-89. In contrast, for documents filed with non-dispositive motions, a "good cause" showing will suffice to keep the records sealed. *Id.* This is based on the reasoning that the public has less need for access to records that are merely tangentially related to the underlying cause of action. *Id.* at 1179. A showing of good cause generally requires a specific description of the particular document(s) sought to be sealed and a showing that disclosure of such documents would work a "clearly defined and serious injury." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 776 (3rd Cir. 1994). Where good cause is shown for a protective order, the court must balance the potential harm to the moving party's interests against the public's right to access the court files. *Kamakana v. City and County of Honolulu*, 447 F.3d at 1179-89.

The presentence report of petitioner was submitted in support of respondents' motion to dismiss. The motion to dismiss is a dispositive filing and therefore respondents must show "compelling reasons" to keep the document sealed. *Kamakana v. City and County of Honolulu*, 447 F.3d at 1179-89. This Court has reviewed the presentence report submitted under seal. (ECF No. 12). The report contains confidential information concerning petitioner, and under NRS 176.156, is

entitled to continued confidentiality in these proceedings.  On balance, the potential harm to both respondents' and petitioner's interests outweighs the public's right to access the presentence report.  Respondents have made an adequate showing of compelling reasons to keep the presentence report of petitioner sealed.  Accordingly, the Court grants respondents' motion to seal petitioner's presentence report.  The report, which was submitted for *in camera* review at ECF No. 12, will remain sealed.

**II. Motion to Dismiss, Amended Petition, & Motion to Strike Amended Petition**

In the motion to dismiss, filed January 13, 2011, respondents argue that the claims in the petition are unexhausted.  (ECF No. 6).  After the filing of the motion to dismiss, petitioner filed an amended petition on March 21, 2011.  (ECF No. 19).  Respondents then filed a motion to strike the amended petition.  (ECF No. 20).

Rule 12 to the Rules Governing Section 2254 Cases in the United States District Courts provides that the Federal Rules of Civil Procedure apply to habeas corpus proceedings "to the extent they are not inconsistent with any statutory provisions of these rules."  Rule 15 of the Federal Rules of Civil Procedure provides: "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if a pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1)(A), (B).  Rule 15 further provides that: "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).

Respondents argue that the amended petition is improper because petitioner failed to seek leave to file the amended petition.  Respondents further argue that the amended petition is improper because petitioner is somehow circumventing procedural requirements.  (ECF No. 20).

Petitioner did not file his amended habeas petition within 21 days after being served with respondents' motion to dismiss.  As such, petitioner must have leave of court to file an amended

petition. Fed. R. Civ. P. 15(a)(2).  "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966); *see also League to Save Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977). The Court finds that petitioner has shown good cause for amending the petition.  The Court perceives no bad faith or dilatory motive in petitioner's filing of the amended petition.  The amendments made in the amended petition cannot be construed as futile.  To the extent that respondents wish to raise procedural defenses to the amended petition, they may do so by filing a response to the amended petition, as set forth at the conclusion of this order.  As such, respondents are not prejudiced by allowing this action to proceed on the amended petition.  Respondents' motion to strike the amended petition is denied.  Furthermore, the motion to dismiss the original petition is denied, without prejudice to renewing their arguments in the response to the amended petition.

**III.  Conclusion**

     **IT IS THEREFORE ORDERED** that respondents' motion to seal petitioner's presentence report (ECF No. 13) is **GRANTED.**  The Clerk of Court shall keep petitioner's presentence report (ECF No. 12) under seal.

     **IT IS FURTHER ORDERED** that respondents' motion to strike the amended petition (ECF No. 20) is **DENIED.**

     **IT IS FURTHER ORDERED** that this action **SHALL PROCEED** on the amended petition, filed March 21, 2011.  (ECF No. 19).

     **IT IS FURTHER ORDERED** that respondents' motion to dismiss (ECF No. 6) is **DENIED**, without prejudice to renewing their arguments in responding to the amended petition.

     **IT IS FURTHER ORDERED** that within **thirty (30) days** from the date of issuance of this order, respondents **SHALL FILE A RESPONSE** to the amended petition (ECF No. 19).  If the response is in the form of an answer, petitioner is granted **thirty (30) days** from being served with

the answer to file a reply.  However, if a motion to dismiss is filed, the matter shall be briefed in accordance with Rule 7-2 of the Local Rules of Civil Practice.

DATED:  This 5th day of July, 2011.

_____
UNITED STATES DISTRICT JUDGE